UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHARLES E. BUTLER, Individually and as Administrator of the Estate of Bonnie L. Butler, deceased, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NAVITA MODI )<br><br>Defendant. | CASE NO. 1:18CV552<br><br>JUDGE PATRICIA A. GAUGHAN<br><br><br>NOTICE OF SUBSTITUTION |

NOW COMES the United States of America, by and through undersigned counsel, and, pursuant to 28 U.S.C. § 2679(d), hereby gives notice to this Court of the substitution of the United States of America as defendant in the place and stead of Defendant Navita Modi. In accordance with 28 U.S.C. § 2679(d)(2), the United States of America provides the Certification of Justin E. Herdman, United States Attorney, establishing that Defendant Navita Modi was acting within the scope of her employment at the time of the incidents alleged in the Plaintiff's Complaint. A duplicate of the Certification of the United States Attorney is attached hereto as Government Exhibit A.

Plaintiff Charles E. Butler brought suit against Navita Modi alleging that Dr. Modi caused injury to Decedent Bonnie Butler's bowel during surgery, failed to properly monitor her condition post-surgery, and, as a result, Ms. Butler died on December 23, 2016. Defendant Modi is employed by Third Street Family Health Services, a federally deemed facility pursuant to the Federally Supported Health Centers Assistance Act of 1992

("FSHCAA"), 42 U.S.C. § 233(g)-(n). Accordingly, pursuant to FSHCAA, the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., provides the exclusive remedy for any alleged malpractice, Defendant Modi cannot be held individually liable, and the United States of America must be substituted for Defendant Modi. Specifically, 28 U.S.C. § 2679(b)(1) states that:

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

Upon certification by the Attorney General or his or her designee that an individual defendant was acting within the scope of his or her employment, the action is deemed one against the United States under the FTCA and the United States must be substituted as the defendant. 28. U.S.C. § 2679(d)(1), (2). Section 2679(d)(2) provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

Id. (emphasis added).

As noted above, the United States Attorney for the Northern District of Ohio, as authorized by the United States Attorney General pursuant to 28 C.F.R. § 15.3, has determined that Ms. Modi was a acting within the scope of her employment and duties at the time of the incidents alleged in the Complaint. (Ex. A.) Accordingly, the United States of America respectfully provides notice that it should be substituted as the proper party defendant in this action for Defendant Navida Modi and Dr. Modi should be dismissed from this action. 28 U.S.C. § 2679(d)(2). In addition, the United States requests that the caption and docket be amended to reflect the United States as the proper defendant.

        Respectfully submitted,

        JUSTIN E. HERDMAN
        United States Attorney

By:  /s/ *James R. Bennett II*
      James R. Bennett II (#0071663)
      Ruchi V. Asher (#0090917)
      Assistant U.S. Attorneys
      Carl B. Stokes U.S. Court House
      801 West Superior Avenue, Suite 400
      Cleveland, Ohio 44113-1852
      (216) 622-3988 (Bennett)
      (216) 622-6718 (Asher)
      (216) 522-4982 (Facsimile)
      james.bennett4@usdoj.gov
      ruchi.asher@usdoj.gov

      Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of March, 2018, a copy of the foregoing Notice of Substitution was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ James R. Bennett II*
James R. Bennett II (#0071663)
Assistant U.S. Attorney

4